IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⟨signature⟩ D.C.
05 NOV 14 PM 4: 10
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | |
|---|---|
| MABLE B. BEAL, deceased, through DEBORAH K. PUTNAM and MAYNARD BEAL, representatives, <br><br> RUTH M. SCHAEFFER, deceased, through JAN FREEMAN and DORIS BICKNELL, representatives, <br><br>    Plaintiffs, <br><br> vs. <br><br> WALGREEN CO., <br><br>    Defendant. | No.   05-2237 DV |

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND
GRANTING DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER
AND STAYING DISCOVERY

Before the court is the October 7, 2005 motion of the defendant, Walgreen Co., for a protective order from plaintiffs' notice of oral deposition by written deposition questions and objections and responses to plaintiffs' first requests for admissions. Also before the court is Walgreen's October 26, 2005 motion to amend the scheduling order. Plaintiffs, Mable B. Beal and Ruth M. Schaeffer through their representatives ("Beal and Schaeffer"), oppose the motions. For the reasons that follow, Walgreen's motion for protective order is granted in part and Walgreen's motion to amend the scheduling order is granted.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-15-05



A. Background

Disposition of the motions currently before the court requires some explanation of the case history. This case was originally filed in state court as two separate actions, one for Beal and one for Schaeffer. Walgreen admitted liability in both state court actions, leaving only damages at issue. In Beal's state case, the state court granted Walgreen's motion for summary judgment as to punitive damages. Both Beal and Schaeffer then non-suited their state court actions. Beal then appealed to the Tennessee Court of Appeals requesting that the order granting summary judgment on punitive damages be removed from the law of the case. Walgreen stated that, as of October 7, 2005, the Tennessee Court of Appeals had not yet ruled on Beal's state court appeal.

On March 30, 2005, Beal and Schaeffer jointly filed this lawsuit in the United States District Court. On June 21, 2005, Walgreen filed a motion for the court to decline to exercise jurisdiction, or in the alternative, to stay the proceedings pending the Tennessee Court of Appeals' ruling. As of the date of this order, the court has not yet ruled on Walgreen's June 21, 2005 jurisdictional motion.

On August 29, 2005, a joint scheduling order was entered. Thereafter, on September 7, 2005, Beal and Schaeffer propounded 83 requests for admission and provided notice of oral deposition by

2

written questions via hand-delivery to Walgreen's counsel.[1] That same day, Walgreen wrote a letter suggesting that the parties stay discovery until the court rules on Walgreen's jurisdictional motion. Beal and Schaeffer responded with a letter that same day, stating that they would not agree to stay discovery and arguing that Walgreen's jurisdictional motion on Beal's case does not affect the discovery in the current case because, even if the motion was granted, Schaeffer would still be entitled to discovery related to Beal.

By letter dated September 12, 2005, Beal and Schaeffer indicated that they would file a motion to have the requests deemed admitted if Walgreen did not respond by October 7, 2005, and a motion requesting sanctions if Walgreen did not appear at the deposition scheduled for October 7, 2005. On October 6, 2005 - the day before the scheduled deposition - Walgreen faxed the plaintiffs a letter to notify them that it objected to the deposition and would state such objections in more detail in forthcoming pleadings. By letter dated October 6, 2005, Beal and Schaeffer acknowledged receipt of Walgreen's letter and reiterated their intent to conduct

---

[1] Beal and Schaeffer contend that the requests for admission were originally delivered on May 12, 2005 because they accompanied the complaint. It appears from the September 12 and October 6, 2005 letters of their counsel, however, that Beal and Schaeffer now consider the requests for admissions propounded on September 7, 2005 and the responses due on October 7, 2005.

3

the deposition and, if necessary, move to have the requests deemed admitted and to impose sanctions.

On October 7, 2005, Walgreen did not appear for the scheduled deposition. Walgreen's counsel appeared, however, to state that Walgreen would not appear because it had filed the present motion for protective order. In its October 7, 2005 motion, which is currently before the court, Walgreen seeks a protective order from the plaintiffs' notice of deposition by written deposition questions and from the requests for admissions. On October 26, 2005, Walgreen also filed a motion to amend the scheduling order.

B. <u>Walgreen's October 7, 2005 Motion For Protective Order</u>

With respect to the requests for admissions, Walgreen contends that discovery should be stayed until the court rules on Walgreen's June 21, 2005 jurisdictional motion. Although the jurisdictional motion only applies to plaintiff Beal, Walgreen argues that Beal and Schaeffer chose to join their claims when filing the action in federal court and that the claims are therefore presumably related. In addition, Walgreen states that many of the requests for admission that the plaintiffs claim relate to Schaeffer actually relate generally to Walgreen or specifically to Beal. Walgreen also objects to responding to the requests for admission, insisting that the primary objective of the plaintiffs' requests for admission is general discovery rather than clarification of the issues for trial.

4

While noting that it wishes to preserve its objections and its opportunity to further respond to the requests, Walgreen attached to its motion its responses to the 83 requests for admission.

With respect to the notice of oral deposition by written deposition questions, Walgreen argues that Beal and Schaeffer have not obtained leave of court for the deposition upon written questions, as required by Rule 31(a)(2)(B). Walgreen states that such leave is required because the designated deponent is corporate representative Eugene Hoover, who was already deposed in both the Beal and Schaeffer actions in state court. Walgreen also argues that the majority of the noticed written questions are based on objectionable requests for admissions and are largely impossible to answer without waiving Walgreen's stated objection to the requests.

In response to Walgreen's motion for protective order, Beal and Schaeffer state that the motion is moot because Walgreen failed to appear at the noticed deposition. Beal and Schaeffer also contend that they were unaware that Walgreen was not planning to appear and that Walgreen violated Local Rule 7 by failing to consult with them prior to filing the motion for protective order. Beal and Schaeffer claim that Walgreen's motion for protective order was merely an attempt to shield Walgreen from sanctions pursuant to its failure to appear and indicate that they intend to file a motion seeking sanctions for such conduct. Beal and Schaeffer also state that

5

Walgreen's responses to their requests for admissions are inadequate and confusing. Beal and Schaeffer suggest that they will postpone filing a motion seeking relief from such responses, however, until they have noticed a Rule 30(b)(6) oral deposition at which they will orally inquire about the requests for admission, Walgreen's responses to such requests, and the deposition questions that Beal and Schaeffer previously submitted in written form.

Contrary to Beal and Schaeffer's assertions, Walgreen's October 7, 2005 motion for protective order was not rendered moot by Walgreen's failure to appear at the deposition. The Federal Rules of Civil Procedure allow a party from whom discovery is sought to file a motion for protective order. *See* FED. R. CIV. P. 26(c). The rules further provide that a pending motion for a protective order excuses a party's failure to appear at a properly noticed deposition. *See* FED. R. CIV. P. 37(d)("The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).") Walgreen's conduct with respect to filing its motion and declining to appear for the deposition was therefore proper and not sanctionable.

In addition, despite Beal and Schaeffer's assertion that Walgreen violated the Local Rules by failing to consult prior to

6

filing the motion for protective order, the letters exchanged on October 6, 2005 clearly illustrate that the parties had consulted regarding the deposition and the requests for admission and that Beal and Schaeffer did not agree to the relief sought in Walgreen's motion.[2] Given those letters, this court also finds it implausible that Beal and Schaeffer were taken by surprise when Walgreen failed to appear for the deposition or when Walgreen filed the motion for protective order.

Finally, with respect to the substance of Walgreen's motion for protective order, Rule 31(a)(2)(B) requires a party to obtain leave of court to take depositions upon written questions if the person to be examined has already been deposed in the case. FED. R. CIV. P. 31(a)(2)(B). The designated deponent was corporate representative Eugene Hoover, who was already deposed in both the Beal and Schaeffer actions in state court. Because Walgreen's corporate representative has already been deposed, albeit in the state court actions, and because Beal and Schaeffer did not obtain leave of

---

[2] Both Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.2 were satisfied by Walgreen's consultation. Rule 26(c) requires that the motion for protective order be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with other affected parties." FED. R. CIV. P. 26(c). Similarly, Local Rule 7.2 requires that motions be accompanied by a certificate of counsel "affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues...."

7

court to take Mr. Hoover's deposition upon written questions, Walgreen's motion for protective order is granted with respect to the deposition by written questions.

Walgreen's motion for protective order is denied without prejudice with respect to Beal and Schaeffer's first requests for admissions because Walgreen has already responded to the 83 requests for admission, because Beal and Schaeffer have stated that they will reserve their objections to such responses, and because of the court's ruling on Walgreen's October 26, 2005 motion below.

C.   <u>Walgreen's October 26, 2005 Motion To Amend Scheduling Order</u>

On October 26, 2005, Walgreen also filed a motion to amend the scheduling order. Walgreen asks the court to extend all scheduling deadlines by sixty days in order to allow the court to rule on its June 21, 2005 jurisdictional motion, which could render all items on the scheduling order moot. That motion asks the court to decline to exercise jurisdiction or, in the alternative, to stay the proceeding pending the Tennessee Court of Appeals' ruling on Beal's punitive damages appeal. Although Walgreen's jurisdictional motion had already been filed at the time the scheduling order was jointly proposed by the parties, Walgreen states in its October 7, 2005 motion that the scheduling order was premature. At the time, Walgreen was working under the assumption that the court would soon rule on its June 21, 2005 jurisdictional motion. Nevertheless,

8

Walgreen states that the case is currently on track with the scheduling order.

In their response, Beal and Schaeffer argue that the scheduling order should not be tolled every time the court has a motion under advisement. In addition, Beal and Schaeffer claim that the proposed sixty day extension is arbitrary and does not account for when the court will actually rule on Walgreen's jurisdictional motion. Finally, Beal and Schaeffer suggest that nothing has occurred to derail the case since Walgreen's October 7, 2005 motion in which Walgreen claims that the case is "on track" with the scheduling order.

The court's ruling on Walgreen's jurisdictional motion could render moot any discovery in this federal case, or, at a minimum, limit or define the matters at issue before the court and thus establish parameters for discovery in this case. Walgreen's motion to amend the scheduling order is therefore granted, and all discovery shall be stayed until fifteen (15) days after the court rules on Walgreen's pending June 21, 2005 motion to decline to exercise jurisdiction, or in the alternative, to stay the proceedings pending the Tennessee Court of Appeals' ruling.

IT IS SO ORDERED this 14th day of November, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 2:05-CV-02237 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

John A. Peebles
MCNABB BRAGORGOS & BURGESS, PLLC
Sixth Floor, 81 Monroe Avenue
Memphis, TN 38103--540

Larry E. Parrish
LAW OFFICES OF LARRY E. PARRISH
6075 Poplar Avenue
Ste. 420
Memphis, TN 38119--476

Leland M. McNabb
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Pam Warnock Green
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable Bernice Donald
US DISTRICT COURT